UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS TOMOSON, | No. 05-CV-112-MWL |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| RICHARD MORGAN, ELDON VAIL, ANNE ADAMS, MARGE LITTRELL, and ROBERT PIVER, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Reconsideration. (Ct. Rec. 24). The court having reviewed the files and records in the matter, **DENIES** Plaintiff's motion.

**I. BACKGROUND**

Plaintiff is a Washington State inmate who filed a 42 U.S.C. 1983 civil rights action against prison officials and employees, alleging violations of his constitutional rights. (Ct. Rec. 1, 7). Plaintiff alleges retaliation by prison officials after he complained about a staff member. He alleges he was infracted and subjected to a disciplinary hearing in violation of due process and equal protection rights. Defendants filed a motion to dismiss the equal protection and due process claims for failure to state cognizable constitutional claims. (Ct. Rec. 11). The court granted defendants' motion to dismiss those claim, leaving only plaintiff's

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 1

retaliation claim. (Ct Rec. 18).

Plaintiff then moved the court to reconsider its order based on <u>Burnsworth v. Gunderson</u>, 179 F.3d 771 (1999). After considering plaintiff's motion, the court requested additional briefing in response to plaintiff's argument. Defendant responded to plaintiff's argument as ordered by the court. (Ct. Rec. 40). Plaintiff did not file a reply.

**II. ISSUES**

The issue presented by plaintiff's motion is whether, even without a cognizable liberty interest, due process was implicated at plaintiff's disciplinary hearing. Plaintiff asserts defendants failed to produce any evidence at plaintiff's disciplinary hearing, which resulted in a penalty of 15 days segregation.

**III. DISCUSSION**

<u>A. Due Process Claim</u>

Plaintiff relies upon <u>Burnsworth</u> in asserting that his due process rights have been violated. In <u>Burnsworth</u>, prison officials disciplined a prisoner because he said he would have tried to escape if he had not been afforded protection from fellow inmates who were threatening him. Prison officials presented no evidence of escape or attempt to escape at the prisoner's disciplinary hearing. Nonetheless, the disciplinary board found him guilty of an infraction and his good time credit was revoked. The court held that the prison disciplinary board's actions after a hearing where "not a shred of evidence was produced" violated due process, even though a "cognizable liberty interest" was not demonstrated. <u>Burnsworth</u>, 179 F.3d at 774.

Defendants distinguish <u>Burnsworth</u> by arguing that, here, no

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 2

good time credits were lost by plaintiff, so the Burnsworth holding does not apply. Rather, plaintiff received 15 days segregation, which the Supreme Court has held does not rise to the level of "atypical and significant deprivation" that would give rise to due process protections. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). Defendants also argue that Burnsworth has been overruled by Wilkinson v. Austin, a recent Supreme Court case in which the Court held that to invoke the Fourteenth Amendment's procedural protection, a plaintiff must establish the deprivation of a life, liberty or property interest. Wilkinson v. Austin, 125 S. Ct. 2384, 2393 (2005).

The court does not need to reach the issue of whether Burnsworth has been overruled because, contrary to plaintiff's allegations, evidence was produced at the disciplinary hearing prior to plaintiff's segregation; thus, Burnsworth is not applicable. Plaintiff's complaint refers to evidence produced at his disciplinary hearing and considered by the disciplinary board. That evidence is attached to his complaint: the infraction report [ISIR] describing his alleged violations, and two memos from prison officials in support of discipline. (Ct. Rec. 7). Simply because plaintiff disputes the credibility of the evidence does not mean the evidence does not exist. Rather, the disciplinary board considered the evidence presented and determined 15 days of segregation was warranted. Plaintiff's argument that he has due process rights, without establishing a constitutional liberty interest, fails. Wilkinson, 115 S.Ct. at 2393. Dismissal of the due process claim is affirmed.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 3

B. <u>Equal Protection Claim</u>

Plaintiff argues the alleged lack of due process at his disciplinary hearing constitutes an equal protection violation. (Ct Rec. 14, p. 7). As discussed above, the facts alleged by plaintiff do not establish a due process claim. Further, to establish an equal protection claim under 42 U.S.C. § 1983, plaintiff must allege that he was intentionally discriminated against as a member of a protected class. <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). He has failed to do so; therefore, dismissal of this claim is affirmed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration **(Ct. Rec. 24)** is **DENIED.**

The District Court Executive shall file this Order and provide a copy to counsel for Plaintiff and counsel for Defendants.

DATED this 12th day of October 2005.

          S/ Michael W. Leavitt
          MICHAEL W. LEAVITT
          UNITED STATES MAGISTRATE JUDGE