UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS TOMOSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RICHARD MORGAN, ELDON VAIL, ANNE ADAMS, MARGE LITTRELL, and ROBERT PIVER,<br><br>　　　　Respondents. | NO. CV-05-0112-MWL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　Magistrate Judge Leavitt filed a Report and Recommendation on January 30, 2007, recommending that Defendants' motion for summary judgment (Ct. Rec. 92) be granted and that Plaintiff's complaint be dismissed with prejudice. (Ct. Rec. 108).

　　On February 13, 2007, Plaintiff filed objections to the Report and Recommendation. (Ct. Rec. 112). Plaintiff fails to raise specific objections regarding the findings in the Report and Recommendation filed on January 30, 2007. Instead, Plaintiff asserts that Judge Leavitt "has ruled in favor of the defendants every single time in this cause," and "is clearly arguing a case for the defendants." (Ct. Rec. 112). Accordingly, Plaintiff's objection essentially argues that Judge Leavitt is biased in favor of Defendants in this case. (Ct. Rec. 112). There is no such evidence, and no substantive objection is made on the merits of the summary judgment recommendation.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under section 455, a judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky*, 510 U.S. at 555; *Ortiz v. Stewart*, 149 F.3d 923, 940 (9th Cir. 1998); *United States v. Bauer*, 84 F.3d 1549, 1560 (9th Cir. 1996). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, judicial rulings may support a motion for recusal only "in the rarest of circumstances." *Id*.

In this case, Plaintiff essentially argues that Judge Leavitt's Report and Recommendation should not be adopted because Judge Leavitt has displayed bias in favor of Defendants in this case. (Ct. Rec. 112). Plaintiff's basis for objecting to a Report and Recommendation to grant Defendants' motion for summary judgment arises solely from the Judge Leavitt's orders in this

case.¹ As such, they are not a proper reason for recusal without a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible." Plaintiff does not allege any extrajudicial source for Judge Leavitt's alleged bias. Nor does Plaintiff demonstrate such a deep-seated favoritism on the part of the Judge Leavitt as to make fair judgment impossible. Thus, Plaintiff's claim that Judge Leavitt has displayed bias in this matter is rejected.

A review of the January 30, 2007 report and recommendation reveals that Judge Leavitt carefully reviewed the Defendants' motion and the pleadings submitted by the parties and appropriately found in favor of the Defendants. (Ct. Rec. 108). As noted in the January 30, 2007 Report and Recommendation, the evidence demonstrates that Defendants' action of infracting Plaintiff was not retaliatory. (Ct. Rec. 108, pp. 6-10). The evidence shows that Plaintiff was infracted for his violations of prison policy and not in retaliation for his grievance filing. The infraction of Plaintiff also served the legitimate penological purpose of maintaining institutional safety and security.

With regard to Plaintiff's claim that his August 2003 transfer from the WSP to the Airway Heights Correctional Center was retaliatory, Plaintiff alleged no facts linking any of the named Defendants to his transfer. Plaintiff additionally failed to allege any facts suggesting that he was retaliated against

---

¹Plaintiff asserts that "Judge Leavitt has ruled in favor of the defendants every single time in this cause." (Ct. Rec. 112, p. 2). Since this is a non-consent case, all substantive motions in this matter have been reviewed and decided by this judicial officer.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

based on his exercise of a protected right or that his First Amendment rights were chilled as a result.

Finally, although the Court did not need to address Defendants' arguments that they are entitled to qualified immunity from this lawsuit, the Court additionally notes that the claims against Defendants Morgan, Littrell and Vail are barred under the Eleventh Amendment. Plaintiff alleged no facts demonstrating that Defendants Morgan, Littrell and Vail personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Accordingly, Plaintiff's claims under section 1983 against Defendants Morgan, Littrell and Vail are also barred by the Eleventh Amendment.

Having reviewed the January 30, 2007 Report and Recommendation (Ct. Rec. 108) and Plaintiff's objections thereto (Ct. Rec. 112), said Report and Recommendation is **ADOPTED** in its entirety.

Based on the forgoing, **IT IS HEREBY ORDERED:**

1. Defendants' motion for summary judgment (**Ct. Rec. 92**) is **GRANTED** and Plaintiff's complaint (Ct. Rec. 7) is **DISMISSED, with prejudice.**

2. Judgment shall be entered for **Defendants.**

///
///
///

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, forward copies to Plaintiff and counsel for Defendants, and **CLOSE** the file.

**DATED** this 27th day of February, 2007.

                                    S/ Edward F. Shea
                                    EDWARD F. SHEA
                                    UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 5